**CONDITIONAL GRANT and Opinion Filed March 11, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00195-CV

### IN RE DR. VIOLETTA LOZOVYY, M.D. AND
### HIGH RISK PREGNANCY DOCTORS PLLC, Relators

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-14387**

## MEMORANDUM OPINION
Before Chief Justice Burns, Justice Molberg, and Justice Breedlove
Opinion by Chief Justice Burns

The Texas Citizens Participation Act allows a party to file a motion to dismiss in certain specified cases, and it requires the trial court to hear that motion within specific and relatively short deadlines. If the motion is denied, whether by ruling or by operation of law, the movant has a statutory right to an interlocutory appeal. But this procedural framework can be undermined when a trial court refuses or fails to hold a timely hearing. Absent a timely hearing, the movant forfeits TCPA relief and the court of appeals loses jurisdiction to consider any interlocutory appeal.

We have previously explained that a trial court has no discretion but to give the TCPA movant a timely hearing so long as the movant has acted with reasonable

diligence in requesting it. This original proceeding requires us to determine whether relators acted with reasonable diligence to obtain a timely hearing on their TCPA motion to dismiss. Concluding that they did, we conditionally grant their mandamus petition.

## Background

Plaintiff Feruza Akhmedjanova filed suit against High Risk Pregnancy Doctors, PLLC, Violetta Lozovyy, M.D., and Waranch & Nunn, PLLC, asserting claims of negligent invasion of privacy, violations of the Texas Debt Collection Act, violations of the Texas Deceptive Trade Practices Act, and intentional infliction of emotional distress. Dr. Lozovyy and High Risk Pregnancy Doctors (relators) were served with process on October 16, 2023. On December 15, 2023, they moved to dismiss under the TCPA.

After filing their motion, relators called the trial court four times and sent two emails requesting dates and times for a hearing on the motion but got no response. Thereafter, on February 1, 2024, relators filed a letter explaining that (1) they had filed a TCPA motion to dismiss on December 15, 2023; (2) the TCPA required the trial court to hold a hearing within sixty days, which is February 13, 2024; (3) they had contacted the trial court six times to obtain a hearing with no response; (4) and it appeared unlikely the trial court would be able to set a hearing by the initial sixty-day deadline. In their letter, relators requested that the trial court (1) take judicial notice of its docketing conditions so that the deadline may be extended to 90 days

–2–

and (2) set their motion for hearing at the court's earliest convenience. The same day, relators also filed a motion to similar effect.

On February 2, 2024, relators emailed the trial court to again notify the trial court of the TCPA 60-day and 90-day deadlines and to request a hearing for their TCPA motion to dismiss within the statutory period. The trial court responded that, while it does its best to accommodate requests for hearings, its docket is "jammed packed" and "there is no way to SQUEEZE your motion into the requested docket." The trial court suggested that relators could "frequently call the clerk's office to check for cancellations" or see if all parties will consent to the motion being considered by the trial court on its agreed submission docket. On February 5, 2024, by email, the trial court took judicial notice of its docketing conditions.

After the initial 60-day deadline passed without a hearing, relators initiated this mandamus proceeding seeking to compel the trial court to set and conduct a hearing on their TCPA motion to dismiss before the 90-day or 120-day deadlines lapse. We requested a response and stayed all trial court proceedings except for a hearing on the motion to dismiss and other actions authorized under the TCPA. Real party in interest Akhmedjanova filed a response opposing mandamus relief.

### The Texas Citizens Participation Act

The TCPA "protects citizens . . . from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding); *Forget About It, Inc. v. BioTE Med., LLC*, 585 S.W.3d 59, 63–64 (Tex.

App.—Dallas 2019, pet. denied). The TCPA's stated purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002; *see also ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam).

To effectuate the statute's purpose, the legislature has provided a procedure to expedite dismissing claims brought to intimidate or to silence a party's exercise of the rights protected by the statute. *Coleman*, 512 S.W.3d at 898; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003(a), 27.005(b); *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). Under this procedure, absent mutual agreement or good cause, the movant is required to file its motion to dismiss within sixty days of service of the legal action. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b).

TCPA dismissal motions must be heard and resolved on an expedited basis. We have previously determined that the TCPA does not necessarily require an *oral* hearing on a dismissal motion; a hearing by submission suffices. *Garcia v. Semler*, 663 S.W.3d 270, 276–78 (Tex. App.—Dallas 2022, no pet.). As for timing, the TCPA generally requires the hearing to be held within sixty days after the motion is served. TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(a). The deadline can be extended to ninety days if the court's docket conditions require it, good cause exists,

or the parties agree. *Id.* § 27.004(a), (b). The deadline can be extended to 120 days if the trial court allows relevant discovery, but that is the maximum extension allowed. *Id.* § 27.004(c).

Once a TCPA motion is heard, the trial court must rule on it within thirty days or the motion is denied by operation of law. *Id.* §§ 27.005(b), 27.008(a). When the dismissal motion is denied either by ruling or by operation of law, the movant is entitled to an interlocutory appeal. *Id.* §§ 27.008(a), 51.014(a)(12). Absent a timely hearing, however, a TCPA movant forfeits TCPA relief, including the right to an interlocutory appeal. *Vertical Holdings, LLC v. LocatorX, Inc.*, No. 05-21-00469-CV, 2022 WL 130903, at *4 (Tex. App.—Dallas Jan. 14, 2022, no pet.) (mem. op.); *In re Herbert*, No. 05-19-01126-CV, 2019 WL 4509222, at *2 (Tex. App.—Dallas Sept. 19, 2019, orig. proceeding) (mem. op.); *see also Wightman-Cervantes v. Hernandez*, No. 02-17-00155-CV, 2018 WL 798163, at *1 (Tex. App.—Fort Worth Feb. 9, 2018, pet. denied) (mem. op.) (a TCPA motion is not overruled by operation of law, and no interlocutory appeal is permitted, if no hearing is held); *accord RPM Servs. v. Santana*, No. 06-19-00035-CV, 2019 WL 4064576, at *1–2 (Tex. App.—Texarkana Aug. 29, 2019, no pet.) (mem. op.).

**Mandamus Standard of Review**

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

proceeding). We have previously held that (1) a trial court abuses its discretion by refusing or failing to set and conduct a hearing on a TCPA motion to dismiss within the applicable statutory deadlines when the movant has acted with reasonable diligence to request a timely hearing and (2) the movant lacks an adequate appellate remedy for such an abuse of discretion. *Herbert*, 2019 WL 4509222, at \*1; *see also, e.g.*, *In re Dror*, No. 14-22-00646-CV, 2022 WL 5156721, at \*3 (Tex. App.—Houston [14th Dist.] Oct. 5, 2022, orig. proceeding).

Based on the record before us, relators filed a TCPA motion to dismiss but the trial court has not yet set a hearing on the motion and the applicable statutory deadlines for holding the hearing are on the verge of lapsing. In their mandamus petition, relators ask this Court to compel the trial court to set and conduct a hearing on their TCPA motion within the applicable statutory deadlines. Therefore, the question presented in this original proceeding is whether relators have acted with reasonable diligence to request a timely hearing.

**Discussion**

Based on the record before us, relators were served with process on October 16, 2023, and filed their TCPA motion to dismiss on December 15, 2023. Therefore, we conclude that relators' TCPA motion was timely. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b).

Following the filing of their TCPA motion to dismiss, relators called and emailed the trial court on at least six occasions attempting to obtain a hearing on

their motion. Relators also filed a letter and motion explaining the trial court's mandatory deadlines for setting a timely hearing under the TCPA and again requesting a timely hearing. In response, the trial court did not acknowledge these mandatory deadlines. Instead, it insisted that its docket was full and that it would not make room in its docket for a timely hearing and suggested that relators might see if all the parties would agree instead to have the motion set for submission. On this record, we conclude that relators acted with reasonable diligence to obtain a timely hearing on their TCPA motion to dismiss.

Real party in interest responds that mandamus relief is inappropriate because relators have an adequate remedy by appeal. They contend that relators' TCPA motion to dismiss will simply be overruled by operation of law if the trial court runs out the clock at which point the TCPA authorizes them to appeal. But denial by operation of law cannot occur unless and until the trial court holds a hearing. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005, 27.008 (explaining that if a trial court does not rule on a TCPA motion to dismiss within 30 days of the date of the *hearing* on the motion, then the motion is considered to have been denied by operation of law); *see also Herbert*, 2019 WL 4509222, at *2 (discussing same). And without a timely hearing, relators risk forfeiting TCPA relief and their right to an interlocutory appeal. *See Herbert*, 2019 WL 4509222, at *2.

For the foregoing reasons, we hold that the trial court clearly abused its discretion by not setting and conducting a hearing on relators' TCPA motion to

dismiss within the statutory deadlines and that relators do not have an adequate remedy by appeal. We note that the record appears to show that the parties have filed one or more motions for specified and limited discovery relevant to the motion under section 27.006(b). If so, and if the trial court determines there is good cause, it may allow for the parties to conduct such discovery before the hearing. In that case, the 120-day deadline would apply. Otherwise, based on the trial court's docket conditions, the ninety-day deadline applies.

**Conclusion**

We conditionally grant relators' petition for writ of mandamus and direct the trial court to either (1) take judicial notice of its docketing conditions, waive the 21-day notice requirement under TCPA section 27.003(d), allow if necessary real party in interest to file a response less than seven days before the hearing under TCPA section 27.003(e), and set relators' TCPA dismissal motion for hearing on or before Thursday, March 14, 2024,[1] or (2) allow specified and limited discovery under TCPA section 27.006(b) and set relators' TCPA dismissal motion for hearing on or before Monday, April 15, 2024.[2] We further note that an oral hearing is not required; hearing by submission will suffice. *See Semler*, 663 S.W.3d at 276–78. We are

---

[1] Ninety days after December 15, 2023 is Thursday, March 14, 2024.

[2] One hundred and twenty days after December 15, 2023 is Saturday, April 13, 2024. Because the deadline falls on a Saturday, the last day of the period so computed is to run until the end of the next day that is not a Saturday, Sunday, or legal holiday, which is Monday, April 15, 2024. *See* TEX. R. CIV. P. 4.

–8–

confident the trial court will act in accordance with this opinion and the writ will issue only if the trial court fails to comply.

We also lift the stay issued by this Court's February 23, 2024 Order.


/s/ Robert D. Burns, III
ROBERT D. BURNS, III
CHIEF JUSTICE


240194f.p05